```
 1
 2
 3
 4
 5
 6
 7
 8
 9                  IN THE UNITED STATES DISTRICT COURT
10                FOR THE EASTERN DISTRICT OF CALIFORNIA
11  DAINA GLASSON,                    )
                                      )     2:05-cv-02397-GEB-DAD
12                    Plaintiff,      )
                                      )
13            v.                      )     ORDER*
                                      )
14  RES-CARE CALIFORNIA, INC.         )
    d.b.a. RCCA SERVICES,             )
15                                    )
                      Defendant.      )
16  _____   )
```

Defendant moves to dismiss Plaintiff's discrimination claim under Federal Rule of Civil Procedure 12(b)(6), or alternatively, for a more definite statement under Federal Rule of Civil Procedure 12(e).[1] (Def.'s Mot. at 1.)  Defendant also moves under Rule 12(e) for a more definite statement on Plaintiff's claims for failure to provide reasonable accommodation on the basis of disability, and failure to engage in the interactive process to identify and provide a reasonable accommodation.  (Id.)  Plaintiff opposes the motions.

---

[*] This motion was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[1] All references to Rules herein are to the Federal Rules of Civil Procedure unless otherwise noted.

1

ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff worked for Defendant from February 1997 through September 2005. (Pl.'s Compl. ¶¶ 8, 37.) In May 2005, Plaintiff informed her manager Jacqueline Smith ("Smith") that she required gastric bypass surgery to reduce her chronic hypertension condition. (Id. ¶¶ 29, 33.) Plaintiff had been suffering from hypertension caused by serve obesity for several years. (Id. ¶ 30.) Plaintiff's hypertension and obesity caused symptoms including fatigue, headaches, anxiety, insomnia, chronic pain, and lapses in concentration. (Id. ¶ 31.) Her obesity and hypertension limited her ability to walk, climb, complete household chores, shop, socialize, sleep, and concentrate. (Id. ¶ 32.) Plaintiff informed Smith that her symptoms would be reduced or eliminated if she underwent gastric bypass surgery. (Id. ¶ 33.) Smith attempted to discourage Plaintiff from having the surgery and taking medical leave. (Id. ¶ 34.)

Plaintiff began extended medical leave to undergo gastric bypass surgery on August 8, 2005; her leave was scheduled to extend through September 19, 2005. (Id. ¶ 35.) On September 13, 2005, Smith sent Plaintiff a letter terminating her employment. (Id. ¶ 37.) The letter cited "inefficiency in job performance" as grounds for the termination. (Id. ¶ 38.) The stated basis for Plaintiff's termination was false because prior to her medical leave, Smith advised her that she was performing at a high level. (Id. ¶¶ 36, 39.) Plaintiff was fired due to her health condition and in retaliation for her requesting and taking an extended medical leave as accommodation for her health conditions. (Id. ¶ 39.)

On November 23, 2005, Plaintiff filed a Complaint alleging, inter alia, (1) disability discrimination in violation of the

1  California Fair Employment and Housing Act ("FEHA"), California
2  Government Code § 12940(a), (2) failure to provide reasonable
3  accommodation for disability in violation of FEHA, California
4  Government Code § 12940(m), and (3) failure to engage in the
5  interactive process to identify and provide a reasonable accommodation
6  for a disability in violation of FEHA, California Government Code
7  § 12940(n). (Pl.'s Compl. ¶¶ 41-63.)

## MOTION TO DISMISS

Defendant seeks dismissal of Plaintiff's disability discrimination claim under Rule 12(b)(6). Dismissal is appropriate under Rule 12(b)(6) if the claim either (1) fails to present a cognizable legal theory, or (2) fails to contain sufficient facts to support a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). When considering a motion to dismiss, all material allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). In addition, the plaintiff is given the benefit of every reasonable inference that can be drawn from the allegations in the complaint. Retail Clerks Int'l Ass'n v. Shermahorn, 373 U.S. 746, 753 n.6 (1963). Accordingly, a motion to dismiss must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Defendant argues Plaintiff "has not pled sufficient facts to indicate whether she is disabled or not." (Def.'s Mot. at 2.) Defendant acknowledges Plaintiff has pled "that she suffer[ed] from hypertension and obesity conditions," and that "she need[ed] gastric

bypass surgery," but argue Plaintiff has not sufficiently alleged whether these conditions "are in fact what she considers disabilities." (Id. at 3.) Plaintiff counters she has alleged sufficient facts supporting her disability claim because she "specifically alleged that [she] was an individual with a disability," and has "identified two health conditions . . . which constitute disabilities: obesity and hypertension." (Pl.'s Opp'n at 1, 7.)

Plaintiff alleges in her Complaint that she suffered from hypertension caused by her obesity for several years. (Pl.'s Compl. ¶ 30.) Plaintiff alleges her hypertension and obesity caused various symptoms and limited her daily activities. (Id. ¶¶ 31-32.) Plaintiff further alleges she "was at all times . . . [an] employee with a disability," and "Defendant discriminated against [her] because of [her] disability . . . ." (Id. ¶¶ 44-45.) Construing these allegations in the light most favorable to Plaintiff, and giving her the benefit of every reasonable inference, Plaintiff has alleged sufficient facts that she suffers from a disability, and has specifically alleged she suffers from two disabilities in particular, obesity and hypertension.

Defendant argues "assuming that Plaintiff's hypertension and obesity conditions are her alleged disabilities . . . what she has pled are not disabilities." (Def.'s Mot. at 3.) Defendant contends Plaintiff has not sufficiently pled that her obesity is a disability because she has not alleged "her obesity is a result of a physiological, systemic disorder." (Id. at 3.) Defendant further argues Plaintiff's hypertension disability "fails as well" because "Plaintiff admits that her hypertension caused her obesity." (Id.) Plaintiff rejoins that "at the pleadings stage," she is not required

4

to "allege expert medical opinions regarding the clinical causes of [her] obesity or hypertension conditions." (Pl.'s Opp'n at 7.) Plaintiff also argues there is no authority "that the potential relationship between [her] hypertension condition and her obesity condition automatically precludes [her] hypertension condition from being a protected disability." (Id.)

In California, obesity is a recognized disability if the plaintiff "adduce[s] evidence of a physiological or systemic basis for the condition." Cassita v. Community Foods, 5 Cal.4th 1050, 1062-65 (1993) (holding that the plaintiff had not adduced sufficient evidence at trial to support her disability claim based on obesity). Therefore, it is possible Plaintiff can prove facts in support of her claim which would entitle her to relief. See Conley, 355 U.S. at 45-46. Furthermore, at the pleading stage, Plaintiff need not specifically allege her obesity has a physiological or systemic basis because "the Federal Rules of Civil Procedure do not require a [plaintiff] to set out in detail the facts upon which [she] bases [her] claim." See id. at 47.

In addition, hypertension is a recognized disability under California law. American National Insurance Co. v. Fair Employment and Housing Commission, 32 Cal.3d 603, 610 (1982). Defendant has provided no authority that suggests hypertension is not a disability if it is caused by obesity. Therefore, Defendant's motion to dismiss Plaintiff's discrimination claim is denied because Plaintiff has sufficiently pled she is disabled.

## MOTION FOR A MORE DEFINITE STATEMENT

Defendant seeks a more definite statement of Plaintiff's claims for disability discrimination, failure to reasonably

5

accommodate disability, and failure to engage in a good faith interactive process to identify a reasonable accommodation. (Def.'s Mot. at 1.) "[A] party [is entitled] to . . . a more definite statement . . . when [the complaint] is so vague or ambiguous that the party cannot reasonably be [expected] to frame a responsive pleading." Davison v. Santa Barbara High School District, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1989). An issue considered when deciding a Rule 12(e) motion is whether the pleading is unintelligible, rather than merely lacking detail. Id. If sufficient information is provided in the complaint and the movant can "obtain the missing detail through discovery, the motion should be denied." Id.

Defendant argues it cannot "frame a responsive pleading" to Plaintiff's disability discrimination claim because it must have knowledge of the disability about which Plaintiff complains. (Def.'s Mot. at 2.) However, since Plaintiff has sufficiently pled this claim, Defendant's motion for a more definite statement of this claim is denied.

Defendant also argues it cannot frame a responsive pleading to Plaintiff's claim for failure to accommodate because "Defendant is left to speculate what sort of accommodation Plaintiff requested and for what reason, as well as whether the Plaintiff's request was reasonable." (Def.'s Mot. at 5.) Defendant further argues it cannot frame a responsive pleading to Plaintiff's claim for failure to engage in a good faith interactive process because Plaintiff did not plead whether she requested an interactive fact gathering process, to whom she made the request, and when she made the request. (Id. at 6.)

Plaintiff alleges in her Complaint that she told Smith she needed gastric bypass surgery to reduce her chronic hypertension

6

condition, but Smith discouraged her from taking medical leave for the surgery and then fired her when she took medical leave. (Pl.'s Compl. ¶¶ 29, 33-37.) Plaintiff alleges "Defendant failed and refused to provide [her] reasonable accommodation for [her] disability," and "Defendant failed and refused to engage in [the] good faith . . . interactive, fact gathering process with [her] to ascertain the scope, nature and extent of Plaintiff's need for reasonable accommodation." (Id. ¶¶ 52, 59.)  These allegations are not so vague or ambiguous as to preclude Defendant from framing an answer; any lack of detail can be obtained through discovery.  Therefore, Defendant's motion for a more definite statement of Plaintiff's claims for failure to accommodate and failure to engage in the fact gathering process is denied.

      Lastly, Defendant argues Plaintiff's claims for discrimination, failure to accommodate, and failure to engage in the interactive process are "indecipherable" because "[f]or each cause of action Plaintiff alleges and reincorporates all preceding paragraphs." (Def.'s Mot. at 6.)  Since these claims are not unintelligible, the motion is denied.

## CONCLUSION

      For the stated reasons, Defendant's motions are denied.

      IT IS SO ORDERED.

Dated: March 9, 2006

                                /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
                                United States District Judge